UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. COX, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 1:22-CV-122 RLW ) |
| CALDER ODOM, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Michael E. Cox for leave to commence this civil action without prepayment of the filing fee. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

**The Complaint**

Plaintiff is a pro se litigant currently incarcerated at Stoddard County Jail located in Bloomfield, Missouri.[1] Plaintiff brings this action pursuant to 42 U.S.C. § 1983, and he names as the sole defendant in this action Calder Odom, a police officer with the Sikeston Police Department. Plaintiff sues Officer Odom in his individual and official capacities.

---

[1] Plaintiff mailed his complaint from the Stoddard County Jail and is therefore considered a "prisoner" within the meaning of 28 U.S.C. § 1915(g). *See Williams v. Scalleta*, 11 F.App'x 677, 678 (8th Cir. 2001) (defining "prisoner" as referring to the individual's status at the time the civil action is filed or appealed).

Plaintiff alleges that Officer Odom used excessive force during an unlawful arrest in Sikeston, Missouri, on or about May 27, 2021. Plaintiff has left blank the section of his complaint titled "Relief."

### Plaintiff's State Court Case

A warrant was issued for plaintiff's arrest relating to an altercation which occurred at plaintiff's niece's residence on May 27, 2021. *See State v. Cox*, No. 21SO-CR00554 (33rd Jud. Cir., Scott Cnty., Mo.).[2] An Information was filed on May 28, 2021, charging plaintiff with assault in the fourth degree, resisting arrest, disturbance of the peace, and trespass in the second degree. *Id.* On July 28, 2021, plaintiff was tried in state court and found guilty of all charges. He was sentenced to one year and fifteen (15) days in jail, and a four hundred dollar ($400) fine. *Id.*

Plaintiff appealed his conviction and sentence to the Missouri Court of Appeals. *See State v. Cox*, No. SD37400 (Mo. Ct. App. Jan. 19, 2022). The Missouri Court of Appeals dismissed the appeal for lack of jurisdiction on January 26, 2022, due to an untimely filing. *Id*. On April 18, 2022, plaintiff filed a motion with the Missouri Court of Appeals to file a late notice of appeal. *See State v. Cox,* No. SD37513 (Mo. Ct. App. Apr. 18, 2022). The motion was granted on April 19, 2022. *Id*. Plaintiff's appellate brief is due on November 18, 2022.

### Three Strikes Provision of the PLRA

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited

---

[2]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

A review of this Court's files shows that plaintiff has accumulated at least three strikes. *See Cox v. Unknown Kym,* No. 1:15-CV-83 ACL (E.D. Mo. May 20, 2015) (summary dismissal for failure to state a claim upon which relief may be granted); *Cox v. Davis, et al.,* No. 1:18-CV-185 RLW (E.D. Mo. Sept. 5, 2018) (summary dismissal for failure to state a claim upon which relief may be granted); *Cox v. Carter, et al.,* No. 1:20-CV-12 DDN (E.D. Mo. May 12, 2020) (summary dismissal for failure to state upon which relief may be granted).

As a result, this Court is unable to permit plaintiff to proceed in forma pauperis in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Regarding plaintiff's claims of excessive force during an unlawful arrest which occurred in May of 2021, plaintiff does not currently claim he is under imminent danger of serious physical injury.[3] As such, plaintiff is not entitled to proceed in forma pauperis in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**. *See* 28 U.S.C. § 1915(g)

**IT IS FURTHER ORDERED** that this action is subject to **DISMISSAL** without prejudice to plaintiff refiling a fully fee-paid complaint. *See* 28 U.S.C. § 1915(g).  A separate order of dismissal will be entered herewith.

Dated this 29th day of September, 2022.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[3]Because plaintiff was found guilty in his state court criminal case, he cannot bring a case for damages for unlawful arrest in this action unless his conviction or sentence is overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's excessive force claim would not necessarily be barred by the *Heck* doctrine. *See Colbert v. Monticello*, 775 F.3d 1006 (8th Cir. 2014). If plaintiff wishes to pay the filing fee and bring such a claim in a new action, he should file the action within the five-year statute of limitations from the date of the alleged occurrence. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).