UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00122-SNLJ |
| | ) |
| CALDER ODOM, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Michael Cox's Motion to Reopen this action pursuant to Federal Rule of Civil Procedure 60(b). [Doc. 20]. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

On September 21, 2022, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Calder Odom, a police officer with the Sikeston Police Department. [Doc. 1]. He alleged that Odom used excessive force during an unlawful arrest in May 2021. [*Id.*]. He was arrested on charges of assault, resisting arrest, disturbing the peace, and trespass. [Doc. 3]. He was tried in state court in July 2021 and found guilty of all charges. [*Id.*]. He was sentenced to one year and fifteen days in jail and a $400 fine. [*Id.*].

Plaintiff was confined in the Stoddard County jail when he filed the complaint. [Docs. 1, 3]. Because he applied for leave to proceed *in forma pauperis*, the action was subject to 28 U.S.C. § 1915. Under § 1915(g), a prisoner is barred from proceeding *in forma pauperis* if he has filed three or more civil lawsuits in federal court, while

incarcerated or detained, that have been dismissed on the grounds that the complaint "is frivolous, malicious, or fails to state a claim … unless the prisoner is under imminent danger of serious physical injury" (commonly known as the "three strikes" provision). 28 U.S.C. § 1915(g).

Prior to the filing of this lawsuit, plaintiff filed more than three civil lawsuits, while incarcerated or detained, that were dismissed because the complaints were frivolous, malicious, or failed to state a claim. [Doc. 3]. Because the allegations in the complaint did not establish that plaintiff was under an imminent danger of serious physical injury, the Court denied his application to proceed *in forma pauperis*.[1] [Doc. 3 at 4]. The action was "dismiss[ed] without prejudice to plaintiff refiling a fully fee-paid complaint." [*Id.*]. In the dismissal order, the Court noted that:

> Because plaintiff was found guilty in his state court criminal case, he cannot bring a case for damages for unlawful arrest in this action unless his conviction or sentence is overturned. Plaintiff's excessive force claim would not necessarily be barred by the *Heck* doctrine. If plaintiff wishes to pay the filing fee and bring such a claim in a new action, he should file the action within the five-year statute of limitations from the date of the alleged occurrence.

[*Id.*] (internal citations omitted). At the time of the dismissal, plaintiff's appeal of the state court conviction was pending.

## II. DISCUSSION

Plaintiff argues that he should be allowed to proceed in this action because his state court convictions were overturned. [Doc. 20]. On January 31, 2023, the Missouri

---

[1] This case was previously assigned to the Honorable Ronnie L. White. *See* [Doc. 3]. The case was reassigned to the undersigned on December 1, 2025. [Doc. 21].

Court of Appeals reversed the convictions on the misdemeanor charges of assault, resisting arrest, and disturbing the peace. *State v. Cox*, 659 S.W.3d 651 (Mo. App. S.D. 2023). The conviction on the trespass charge, an infraction, was affirmed. *Id.*

The fact that three of the four state convictions were overturned is not relevant to the dismissal of this action under the three strikes provision of 28 U.S.C. § 1915(g). Plaintiff is barred from proceeding *in forma pauperis* and must therefore pay the full filing fee, along with a request to set aside the dismissal. Because plaintiff has not paid the filing fee, the motion to reopen must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Reopen [Doc. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

**SO ORDERED** this 5th day of December, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE